UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH P. LEONARDO; AUDREY M. LEONARDO,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>WELLS FARGO BANK, N.A.; DRUCKMAN LAW GROUP, PLLC; RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>                    Defendants. | 21-CV-7136 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who reside in Nassau County New York, bring this *pro se* action in connection

with a mortgage loan for their Nassau County home and foreclosure proceedings in the Supreme

Court of the State of New York, Nassau County.  For the following reasons, this action is

transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is

domiciled, 28 U.S.C. § 1391(c)(1), and a defendant corporation generally resides "in any judicial

district in which such defendant is subject to the court's personal jurisdiction with respect to the

civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial

district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1]

Plaintiffs filed this complaint alleging that they reside in Wantagh, New York, in the Town of Hempstead, Nassau County. (ECF 1 at 2, ¶ 4.) In 2008, they obtained a mortgage loan from Wachovia Mortgage for $504,000. (*Id.* at 3, ¶ 8.) In 2010, Wells Fargo, N.A., as assignee of the loan, commenced a foreclosure action in the Supreme Court of the State of New York, Nassau County. (*Id.* at 4, ¶ 10.) In 2013, the Druckman Law Group, PLLC, acting on behalf of Wells Fargo, commenced a second foreclosure action against Plaintiffs in the Supreme Court, Nassau County. (*Id.* at 4, ¶ 12.) In 2018, the Appellate Division, Second Department, denied Plaintiffs the relief that they had sought. (*Id.* at 7, ¶ 23.) Rushmore Loan Management Services acquired the loan in 2021. (*Id.* at 8, ¶ 24.) Plaintiffs seek, among other things, damages and to enjoin collection of the debt.

It appears from the allegations of the complaint that all of the events or omissions underlying Plaintiffs' claims arose outside this District. It is also not clear that any defendant resides in this District. Venue therefore does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H.*

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases

on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417,

426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the

burdens of litigation that is unrelated to the forum that a party chooses are not imposed

unreasonably on jurors and judges who have enough to do in determining cases that are

appropriately before them. The power of district courts to transfer cases under Section 1404(a)

*sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No.

03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.

Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. §

1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see

also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See

Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. Plaintiffs do not reside in

the District and the operative events did not occur in this District. The underlying events

3

occurred in Nassau County, where the foreclosure proceedings and debt servicing took place, and

where Plaintiffs reside. Nassau County is within the Eastern District of New York, 28 U.S.C.

§ 112(c), and venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C.

§ 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest

of justice to transfer this action to the United States District Court for the Eastern District of New

York. 28 U.S.C. § 1404(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this

order to Plaintiffs and note service on the docket. A summons shall not issue from this Court, and

this order closes the case in this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 25, 2021
          New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge